# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CARL BENNETT, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. CV408-224 |
| | ) CR405-008 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Carl Bennett moves the Court to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 (docs. 1 & 7), over the government's opposition (docs. 3, 11).[1] For the following reasons, his motion should be **DENIED**.[2]

## I. BACKGROUND

Bennett pleaded guilty to one count of possession of a firearm by a convicted felon. (Cr. docs. 29 & 30.) The district judge sentenced him to

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-224. "Cr. doc." refers to documents filed in movant's criminal case, CR405-008.

[2] Bennett submitted an amended motion on February 13, 2009. (Doc. 7.) He apparently meant to supplement the claims raised in his first motion rather than to replace or abandon them. Accordingly, the Court will address all of his claims.

220 months' imprisonment. (Cr. doc. 37.) He appealed, claiming that the district judge erred by calculating his total offense level at 32 rather than 31 under the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Bennett*, 472 F.3d 825, 834-35 (11th Cir. 2006). The Court of Appeals agreed and remanded the case for resentencing with a total offense level of 31. *Id.* at 835. The district judge resentenced Bennett to a total of 194 months' imprisonment, and Bennett once again appealed. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *United States v. Bennett*, 265 F. App'x 753, 754 (11th Cir. 2008) (per curiam). The Eleventh Circuit affirmed his corrected sentence. *Id*

In Bennett's 28 U.S.C. § 2255 motion, as amended, he contends that:

(1) the sentencing judge would have given him a lesser sentence if he had the benefit of *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558 (2007), *United States v. Boardman*, 528 F.3d 86 (1st Cir. 2008), and *United States v. Sanchez*, 517 F.3d 651 (2d Cir. 2008); and

(2) both of his defense attorneys--Christian J. Steinmetz, from his first sentencing, and Harvey Weitz, from his second--were ineffective for failing to argue for a downward departure to allow credit for time he had already served on his revoked state parole term.

(Doc. 1 at 4; doc. 8 at 2-4.)

## II. ANALYSIS

### A. Ground 1

Bennett speculates that if he "had the benefit of . . . new information [from a] recent Supreme Court decision, as well as the recent decision[s] out of the 1st and 2nd circuit[s]," the sentencing judge would have given him a lower sentence.[3] (Doc. 1 at 4.) He references the Supreme Court's decision in *Kimbrough*, the First Circuit's decision in *Boardman,* and the Second Circuit's in *Sanchez*. (*Id.*)

In *Kimbrough*, the Supreme Court reversed the Fourth Circuit Court of Appeals' holding that it was per se unreasonable for a sentencing judge to vary from the sentencing guidelines to take into account the sentencing disparity for crack and powder cocaine. 128 S. Ct. at 575-76. In *Boardman*, the First Circuit reversed defendant's sentence when the sentencing "judge explicitly said that 'if on appeal the Circuit believes that I should have greater discretion . . . then I would go back and sentence the defendant to 33 months.'" 528 F.3d at 88.

---

[3] *Kimbrough* was decided several months after Bennett's sentencing and during the pendency of his second direct appeal.

3

Similarly, in *Sanchez*, the Second Circuit reversed the defendant's sentence because "the transcript of his sentencing [left] the strong impression that the district court viewed [28 U.S.C.] § 994(h) as depriving it of authority to impose on [defendant] a non-Guidelines sentence or a Guidelines-departure sentence at, or near, the statutory minimum." 517 F.3d at 665-66.

All three of the cited cases turned upon the sentencing judge's discretion in imposing a sentence outside of the guidelines range, a question which federal courts have struggled with for some time. *See e.g.*, *United States v. Booker*, 543 U.S. 220 (2005). Nevertheless, it was well established at the time of Bennett's sentencing that a sentencing judge had discretion to do so. *Id.* at 249 ("we must sever and excise . . . the provision [of 18 U.S.C. § 3553(b)(1)] that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure)"). None of the cited cases changed the underlying analysis and nothing in the record indicates that the sentencing judge was unaware of his authority to deviate from the guidelines range or the factors he should consider when doing so.

After finding that "all of the aggravating factors in [the] case . . . have been addressed by the guidelines," the sentencing judge determined that "a sentence toward the lower end of the guidelines" was appropriate. (Cr. doc. 57 at 16.) He struggled not at all in finding "no reason to depart from the sentence called for by application of the guidelines." (*Id.*) He thus sentenced Bennett to 194 months' imprisonment, six months higher than the guidelines minimum of 188 months. (*Id.* at 15-16.) There is no indication that the judge was confused as to his sentencing authority or even had any desire to impose a sentence outside of the guidelines' range. Accordingly, this claim is without merit.

**B. Ground 2**

Bennett contends that both of his defense attorneys--Christian J. Steinmetz, from his first sentencing, and Harvey Weitz, from his second-- were ineffective for failing to argue for a downward departure to allow credit for time he had already served on his revoked state parole term.[4] (Doc. 8 at 2-4.)

---

[4] The government contends that the claim is procedurally defaulted since Bennett could have raised it during resentencing or before the Eleventh Circuit. (Doc. 11 at 2.) Claims of ineffectiveness, however, are properly addressed in

5

Movant was a state parolee when he committed the actions underlying his federal charges. (PSI at ¶¶ 2, 31.) He alleges that during resentencing the district judge ordered that his sentences run concurrently and that he receive credit for time served for the revoked state parole term. (Doc. 8 at 2-3.) The record does not support this allegation. While the district judge ordered that Bennett's federal sentence run concurrently with the revoked state parole term, he did not award any credit for time served. (Cr. doc. 37; *see* cr. doc. 53 (amended judgment); cr. doc. 46 at 20; doc. 8, Exs. A & B.)

Under 18 U.S.C. § 3585, credit for time served can only be awarded if it "has not been credited against another sentence." Since the time Bennett served prior to the imposition of the federal sentence was credited toward his state sentence, it cannot be counted again toward his federal sentence. *See United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (denying federal credit for time served where time already counted toward state sentence); *Dent v. Zenk*, 408 F. Supp. 2d 103, 106 (E.D.N.Y. 2005) (same). Recognizing this problem, Bennett contends that his

---

collateral proceedings under § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

attorneys should have moved for a downward departure pursuant to U.S.S.G. Manual § 5G1.3.

Bennett apparently relies upon § 5G1.3(b), which permits a downward departure under the sentencing guidelines for any period of imprisonment already served when an undischarged "term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and was the basis for an increase in the offense level for the instant offense." U.S.S.G. Manual § 5G1.3(b). Subsection (b)(1) permits the sentencing judge to adjust the sentence to take into account time served if the Bureau of Prisons would not provide such a credit under 18 U.S.C. § 3585. Here, the undischarged term of imprisonment related to a parole revocation. While the revocation was triggered by the events underlying Bennett's present sentence, the period of parole "resulted" from actions that had occurred in 1991, long before his 2005 conviction for possession of a firearm by a convicted felon/armed career criminal.

Instead, Bennett's sentence falls under subsection (c), which applies when a "defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such

probation, parole, or supervised release revoked." U.S.S.G. Manual § 5G1.3, Application Notes. In such situations, "the sentence for the [federal] offense [should] be imposed *consecutively* to the sentence imposed for the revocation." *Id.* (emphasis added). Consecutive sentencing is consistent with the guidelines' general policy to provide an incremental penalty for parole violations. *See* U.S.S.G. § 7B1.3(f), Application Notes ("[I]t is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."); *United States v. Hornsby*, 88 F.3d 336, at 339-40 (5th Cir. 1996). Despite this guidance from the Sentencing Commission, the sentencing judge determined that a *concurrent* sentence best fit the facts of the case.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a movant alleging ineffective assistance of counsel must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that the defective performance prejudiced the defense to such a degree that the results of

the trial cannot be trusted. *Id.* at 687. From a results-oriented perspective, counsel performed admirably, not just effectively, in obtaining a concurrent sentence. Moreover, there is no reasonable probability that the sentencing judge would have further departed under the guidelines. Consequently, Bennett has not satisfied either prong of the test, and this claim is meritless.

### III. CONCLUSION

For all of the reasons discussed above, Bennett's § 2255 motion (docs. 1 & 8) should be **DENIED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 27th day of April, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**